**141 So. 857**

**HOSS et al. v. WORLEY.**

**No. 31210.**

April 25, 1932.

Ben E. Coleman and Lee & Gilmer, all of Shreveport, for appellant.

Foster, Hall, Barret & Smith, of Shreveport, for appellees.

ROGERS, J.

Plaintiffs instituted this suit to obtain the reformation of an act of sale executed on January 14, 1913, by defendant, authorized by her husband, in favor of J. M. Hoss, one of the plaintiffs.

Plaintiff J. M. Hoss and defendant Mrs Connie Worley are brother and sister. Plaintiffs allege that J. M. Hoss purchased from Mrs. Worley one acre of land with the improvements thereon, and also her undivided interest in the lands inherited by her from her father and mother, except the townsite of Hosston. That the deed, reading it as a whole, embraces the E. ½ of the N. W. ¼ of Sec. 24, Tp. 22, R. 15, Caddo parish, La., but that where the particular description of the property conveyed is given, this eighty acres is omitted, and plaintiffs pray that the act of sale be reformed so as to particularly describe the omitted property.

Defendant admitted that she sold her undivided interest in the lands inherited from her father and mother to her brother J. M. Hoss, but prayed in reconvention for a supplement of the purchase price in conformity with the acreage added in reforming the deed. After the case was closed, plaintiffs filed in opposition to defendant's reconventional demand a plea of prescription of one year under article 2498 of the Civil Code.

The court below did not pass on the plea of prescription, but decided the case on the merits, giving plaintiffs judgment as prayed for, and rejecting defendant's demand in reconvention. From this judgment defendant appealed, and plaintiffs answered the appeal, praying for the affirmance of the judgment, and, in the alternative, that their plea of prescription be maintained.

We do not find it necessary to pass on the plea of prescription, because we think that the judgment of the court below based on the facts, not being manifestly erroneous, must be affirmed.

The deed from Mrs. Worley to Mr. Hoss recites that she sells, "her undivided interest in the land inherited by this vendor from J. M. Hoss and, Mrs. Emma Hoss, and more particularly described as follows." A particular description of the lands is then set forth, omitting the east half of the northwest quarter of section 24. Following the description appears the following recital, namely, "containing 999 acres more or less with all buildings and improvements thereon. It being understood that the acreage is not guaranteed by either vendor or vendee." The stipulated consideration is $5,800, of which $2,900 was paid in cash, and the balance was represented by the mortgage notes of the vendee.

The record discloses that J. M. Hoss and Mrs. Emma Hoss, the father and mother of Mrs. Worley and J. M. Hoss, owned approximately 1,360 acres of land in Caddo parish. After the death of her husband, Mrs. Emma Hoss transferred 200 acres to her daughter Mrs. Worley. And when Mrs. Emma Hoss died, it was agreed among the heirs, Mrs.

Worley and her three brothers, that the brothers would each receive 200 acres to equalize their interests with that of their sister before a division of the lands should take place. This left 560 acres, in which each of the heirs owned an undivided one-fourth interest, or 140 acres each.

The testimony adduced on the part of plaintiffs is to the effect that J. M. Hoss, the vendee, agreed to pay Mrs. Worley, the vendor, $40 an acre for her 140 acres, including the one acre owned by her individually, and $200 for the improvements on her one acre, making a total of $5,800, the stipulated purchase price.

On the other hand, the testimony adduced on the part of defendant is to the effect that, after deducting the 600 acres due her three brothers from the 999 acres particularly described in the deed, there were left 399 acres, to which must be added the one acre owned by her individually, or a total of 400 acres. Dividing this acreage by four, left 100 acres owned by Mrs. Worley, for which the vendee agreed to pay $55 an acre, together with $300 for the improvements on her one acre, making a total of $5,800, the stipulated purchase price.

Plaintiffs claim that it was always known and understood between J. M. Hoss and Mrs. Worley that their father and mother originally owned 1,360 acres, and that the acreage owned by Mrs. Worley and the price per acre were actually agreed upon prior to the passing of the act of sale. Defendant claims that J. M. Hoss, at the time he approached her to buy her interest in the land, represented that the total acreage was 999 acres.

We gather from the record that neither of the contracting parties paid any particular attention to the details at the time the deed was executed. The instrument was drawn in the office of the clerk of court by a deputy clerk; the description of the property being dictated to him by the attorney of J. M. Hoss.

Although the purchase price appears to have been arrived at on an acreage basis, it was fixed at a lump sum, and was so stipulated in the act of sale. It further appears that the east half of the northwest quarter of section 24 was embraced in the lands inherited by Mrs. Worley from her parents, and that her interest therein was included in the sale to J. M. Hoss. Hence it follows that, as shown by the act of sale, Mrs. Worley sold her property to J. M. Hoss for a stipulated amount, namely, $5,800, without reference to the manner in which the figure had been reached. If there were any fraud on the part of J. M. Hoss in the transaction, the burden was on defendant to show it, which, in our opinion, she failed to do.

For the reasons assigned, the judgment appealed from is affirmed.